WEIMER, J.,
concurring in the result.
hi write separately to point out that this case is distinguishable from the recent decision of this court in Borel v. Young, 07—0419 (La.11/27/07), 989 So.2d 42, on reh’g, (7/1/08), 989 So.2d at 53-81. Factually, Borel presented the converse of the situation presented here. It involved an attempt to add a new and unrelated defendant who had not previously been sued to a pending medical malpractice suit. In this ease, the defendants were all sued *197 timely, consistent with the requirements of the Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq. The issue presented here is not whether, as in Borel, a new defendant, not timely sued, can be brought into this proceeding, but whether the timely filed suit against the defendants can be amended to add the survival and wrongful death claims of a plaintiff who is the daughter and sister of the original plaintiffs. The addition of related claims asserted by related plaintiffs to pending litigation is governed by LSA-C.C.P. art. 1153. Unlike the situation in Borel, where we were concerned with the interplay between the general articles on interruption of prescription found in the Louisiana Civil Code and the specific provisions of the Medical Malpractice Act with respect to suspension of prescription (which provisions, we noted, exist as an equalizer to litigants in |2situations where interruption of prescription is not available), the Medical Malpractice Act is silent with respect to the issue of relation back of pleadings. As acknowledged by this court in Guitreau v. Kucharchuk, 99—2570 (La.5/16/00), 763 So.2d 575, 579, where there is no conflict between the general codal articles and the specific provisions of the Medical Malpractice Act, the various provisions should be read in conformity with each other. Thus, because the Medical Malpractice Act is silent as to the relation back of pleadings adding an additional claim and/or plaintiff, there is no bar to applying LSA-C.C.P. art. 1153 in this case.
Application of LSA-C.C.P. art. 1153 does not operate here simply to “get around medical malpractice prescription.” The pui'pose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely, and to protect from stale claims and from the loss resulting from non-preservation of relevant proof. Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1045 (La.1985). Not one of those goals is undermined by the result in the present case. In fact, amendment of the pleadings to include the survival claim of a major child of the decedent does not alter the defendants’ liability whatsoever. The addition of the survival claim effects only the division between the plaintiffs of the proceeds of any judgment that might be rendered on liability. It does not affect defendants’ notice of the existence of the claim or their proof. As to the wrongful death claim, a weighing of the Giroir factors reveals that the defendants knew or should have known of the existence of the claim within the prescriptive period, and that they will hardly be prejudiced in the preparation or conduct of their defense with regard to this claim, as the only additional evidence they will require will be that relating to the relationship between the plaintiff and decedent, which they have ample opportunity to discover.